UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON ALMEIDA, | * |
| Petitioner, | * |
| v. | * Civil Action No. 09-11432-JLT |
| THOMAS DICKHAUT,[1] | * |
| Respondent. | * |

ORDER

May 12, 2014

YOUNG, J.

The petitioner, Jason Almeida ("Almeida"), filed his petition for habeas corpus in this case in August 2009. In October 2013, Almeida filed a <u>Motion to Amend by Insertion</u> [#28]. At some unknown time in the intervening period, this case was erroneously marked on the electronic docket as closed. On March 4, 2014, this Court clarified that this action was, "and always ha[d] been," open.[2] The Court further ordered that it was treating Almeida's motion to amend as an amended petition and allowed the motion to amend as unopposed.

On April 1, 2014, the respondent, Thomas Dickhaut ("the Superintendent"), filed a <u>Motion to Reconsider the March 4, 2014 Order of Granting Petitioner's Motion to Amend</u> [#42] that is presently at issue. The Superintendent argues that the additional claims in Almeida's amended petition are time barred under the statute of limitations incorporated in the

---

[1] James Saba, the former Superintendent of the North Central Correctional Institution, was the original respondent in this action. Thomas Dickhaut is now the Superintendent. Accordingly, the named respondent in this action is automatically changed to Dickhaut. <u>See</u> Fed. R. Civ. P. 25(d).

[2] Order [#32] (Tauro, J.).

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3]

The relevant provision of AEDPA creates a one-year period of limitations to federal habeas corpus petitions filed by state prisoners.[4] The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] The statute of limitations is tolled "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[6] An application for federal habeas corpus relief, however, does not toll the limitations period.[7]

Amendments to a habeas petition may be made after the statute of limitations has run if those amendments relate back to the date of the original pleading and if the original and amended pleadings "ar[i]se out of the same conduct, transaction, or occurrence."[8] An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."[9] It is not enough that the original petition and the new claims arise out of the same trial, conviction, or sentence.[10] Rather, amended habeas claims "must arise from the 'same core facts,' and not depend on events which are separate both in time and type from

---

[3] 28 U.S.C. § 2244(d).

[4] Id.

[5] Id.

[6] Id. § 2244(d)(2).

[7] See Duncan v. Walker, 533 U.S. 167, 179 (2001).

[8] Fed. R. Civ. P. 15(c)(2).

[9] Mayle v. Felix, 545 U.S. 644, 650 (2005).

[10] See id. at 662.

the events upon which the original claims depended."[11]

Here, as an initial matter, Almeida's new claims do not relate back to his original petition. Accordingly, Almeida's new claims are subject to AEDPA's statute of limitations. The Massachusetts Supreme Judicial Court affirmed Almeida's conviction for first-degree murder on November 21, 2008.[12] Allowing ninety days for the time to file a petition for writ of certiorari with the United States Supreme Court,[13] Almeida's conviction became final on February 19, 2009. Almeida therefore had until February 19, 2010 to bring a habeas petition, and no tolling events occurred before the expiration of the one-year limitations period. Therefore, although Almeida's original petition, filed in August 2009, was timely, his amended claims, filed in January 2014, are time barred under AEDPA.

For the foregoing reasons, the Superintendent's Motion to Reconsider is ALLOWED. Almeida's Motion to Strike Respondent's Reconsideration Motion to Petitioner's Motion to Amend [#43] is DENIED. The grounds raised in Almeida's original habeas petition are presently before this Court.

IT IS SO ORDERED.

/s/ William G. Young
United States District Judge

---

[11] United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005) (citing Mayle, 545 U.S. at 657).

[12] See Resp't's Mot. Reconsider March 4, 2014 Order Granting Pet'r's Mot. Amend, 6 [#42].

[13] See 28 U.S.C. § 2244(d)(1)(A); Voravongsa v. Wall, 349 F.3d 1, 3 (1st Cir. 2003).