# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JASON ALMEIDA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 09-11432-DJC |
| JAMES SABA, | ) ) | |
| Respondent. | ) ) ) | |

## ORDER

**CASPER, J.**                                                                                                                August 4, 2014

For the reasons stated below, the motion to appeal in forma pauperis (D. 61) is DENIED.

Under the federal in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962).

Here, the appeal is not taken in objective good faith because the First Circuit Court of Appeals lacks jurisdiction to entertain an appeal of the order in question. Federal courts of appeals have jurisdiction over appeals from all final judgments of the district courts of the United States. 28 U.S.C. § 1291.[1]  In addition, under the so-called "collateral order doctrine," a non-final interlocutory order may be appealed immediately if it "finally determine[s] claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole

---

[1] "The statute actually uses the term 'final decision,' but a final decision is equivalent to a final 'judgment.'" Diaz-Reyes v. Fuentes-Ortiz, 471 F.3d 299, 300 n.3 (1st Cir. 2006).

1

case is adjudicated." Asociación de Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 479 F.3d 63, 75 (1st Cir. 2007) (quoting Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003)). Certain interlocutory orders are also immediately appealable under 28 U.S.C. § 1292(a)-(b).

Here, the order the petitioner is appealing is not immediately appealable. The petitioner appeals the May 12, 2014 order (D. 44) granting the respondent's motion for reconsideration. The respondent had asked the Court to reconsider its order granting the petitioner's unopposed motion to amend his petition. The Court agreed with the respondent that the amendment of the petition impermissibly allowed the plaintiff to avoid the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The Court ruled that the only issues the petitioner may raise in this action are those set forth in his original petition. The order granting the motion for reconsideration is neither a final decision within the meaning of 28 U.S.C. § 1292 nor is it otherwise immediately appealable. See Graves v. Mahoning County, 534 Fed. Appx. 399, 404 (6th Cir. 2013) (denial of motion to amend complaint not immediately appealable); Agretti v. ANR Freight System, Inc., 982 F.2d 242 (7th Cir. 1992) (denial of motion to amend answer to assert cross claim is not immediately appealable).

An appeal of an interlocutory, non-appealable order is not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3). See, e.g., Adam v. Wells Fargo Bank, N.A., C.A. No. 09-02387, 2011 WL 4592401, at *4 (D. Md. Sept. 30, 2011) (appeal taken from an interlocutory, non-appealable order not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3)); Brown v. Hackbarth, C.A. No. 09-00519, 2010 WL 3810857, at *1 (E.D. Wisc. Sept. 24, 2010) (same); Avery v. Ferguson, C.A. No. 07-05111, 2009 WL 1940861, at *1 (W.D. Ark. July 7, 2009) (same); Francis v. Joint Force Headquarters Nat'l Guard, C.A. No. 05-04882, 2009 WL 387899, at *4 (D.N.J. Feb. 13, 2009) (same).

Accordingly, the motion to appeal in forma pauperis (D. 61) is DENIED and the Court certifies that the appeal is not taken in good faith.

The Clerk shall transmit a copy of this order to the United States Court of Appeals for the

2

First Circuit.

**So ordered.**

                                                                                                    /s/ Denise J. Casper
                                                                                                    United States District Judge